IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOOD SPORTSMAN MARKETING, L.L.C. | § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CASE NO. 4:23-cv-3243 |
| RUGGED CROSS HUNTING BLINDS, L.L.C. | § § § | |
| *Defendant*. | § | |

**ORDER GRANTING PLAINTIFF'S GOOD SPORTSMAN MARKETING LLC'S
MOTION TO ENFORCE SETTLEMENT**

The Court, having considered Plaintiff Good Sportsman Marketing, L.L.C.'s Motion to Enforce Settlement, and all additional briefing and argument of the parties, the Court finds that GSM and RCHB reached an enforceable settlement agreement inasmuch as all material terms were agreed to.

Accordingly this Court finds that Plaintiff's Motion to Enforce Settlement should be, and is hereby, **GRANTED**.

Accordingly, the parties are ordered to execute a definitive agreement with the following material terms:

1. Payment by GSM in the amount agreed to and accepted by RCHB

2. The parties would ***jointly move*** the Court to vacate its Markman order;

3. The settlement shall be confidential;

4. GSM would receive an irrevocable, royalty free license for the entire family of the patents in suit;

5. The parties shall generally release each other without admission of liability; and

6.  RCHB shall not be entitled to any future royalties of any kind for the entire patent family at issue in this lawsuit.

Failing agreement on a definitive settlement agreement, this Order shall serve as the Parties Final and Binding Settlement Agreement.

This Court further finds that RCHB acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)) in failing to abide by the settlement agreement reached by the parties and further finds that RCHB's purported reasons for not doing so were contrived. Accordingly, GSM is entitled to recover its attorneys' fees incurred in connection with bringing the motion to enforce the settlement agreement.   GSM is ordered to file with the court an itemized invoice for the fees incurred in connection with bringing this motion within 10 days of this order and RCHB is ordered to file any objections to such fees within 5 days of receipt of GSM's invoice.

Signed on _____ _____, 2026

_____
George C. Hanks, Jr.
United States District Judge

2