# EXHIBIT C

**Filed Publicly**

# John Watkins

| | |
|---|---|
| **From:** | Robert  Wolter <rwolter@Savvyiplaw.com> |
| **Sent:** | Monday, May 4, 2026 12:23 PM |
| **To:** | David Cabello; James Hall |
| **Cc:** | John Edmonds; Amber Davis; Barbie Mahan; John Watkins |
| **Subject:** | [External] GSM v. RCHB; Motion to Vacate |
| **Attachments:** | Motion to Vacate (050426).docx |

David and James,

Attached is a draft motion to vacate.  Please provide comments/edits.  Please provide an update on the settlement agreement.

Best regards,


**Robert L. Wolter**
Partner | Registered Patent Attorney
Wolter Van Dyke Davis, PLLC
1900 Summit Tower Blvd, Suite 140
Orlando, FL 32810
(407) 926-7700 **Office**
(407) 926-7706 **Direct**
rwolter@savvyIPLaw.com



*IRS Circular 230 disclosure: To insure compliance with requirements imposed by the IRS, we inform you that any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.*

*The information in this email is intended solely for the use of the individual to whom it is addressed.  This message may be an attorney-client communication and may contain information that is privileged, confidential, subject to Federal Rule of Evidence 408, or otherwise exempt from disclosure under applicable law. Recipients should not file copies of this email with publicly accessible records. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (407) 926-7706 or email (rwolter@savvyIPLaw.com), and delete the original message and any copies made. Thank You.*

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**GOOD SPORTSMAN MARKETING, LLC,**

**CIVIL ACTION NO.: 4:23-cv-3243**

**Plaintiff,**

**v.**

**RUGGED CROSS HUNTING BLINDS, LLC,**

**Defendant.**

_____/

### JOINT MOTON FOR VACATUR OF MARKMAN RULING

The Plaintiff, Good Sportsman Marketing, LLC, and the Defendant, Rugged Cross Hunting Blinds, LLC, file this Joint Motion for Vacatur of the Court's claim construction ruling as set forth in the Memorandum Opinion on Claim Construction (Doc. 78) (the "Opinion"). The Parties have reached a settlement which will result in dismissal of all claims and counterclaims in this case conditioned upon the Court granting this Joint Motion. If the Court grants the Motion, the Parties will promptly file for dismissal. If the Court denies this motion, then the case will continue.

### BACKGROUND

On November 18, 2025, this Court entered the Opinion construing disputed claims of the patents-in-suit. On November 25, 2025, the Defendant filed a Motion for Reconsideration of the Markman Ruling (Doc. 79) and a Motion for Leave to Amend Preliminary Infringement Contentions (Doc. 80). The Plaintiff filed briefs (Docs. 84, 85) in opposition to both motions.

Discovery in this case is ongoing.  The parties had scheduled twelve depositions for the month of May to complete fact discovery; however, those depositions have been tabled in view of the parties' conditional settlement agreement. In addition, the parties have not yet conducted expert discovery, and the granting of this Motion will obviate the need for expensive expert discovery.

As noted above, as a condition of the settlement the parties have agreed to request this Court to vacate the Opinion.  The parties have further agreed that upon vacation of the Opinion, the parties will seek dismissal of all claims, counterclaims and affirmative defenses with prejudice.  In doing so, the parties seek to avoid the further expenditure of judicial and party resources, and Defendant seeks to avoid any potential preclusive effect of the Opinion on other litigation.

## LEGAL STANDARD AND ANALYSIS

While vacatur has been characterized as an "exceptional remedy", a district court may vacate its own claim construction order upon settlement. *See Cisco Systems v. Telchordia Technoligies, Inc.* 590 F.Supp. 2d 828, 830 (E.D. Tex. 2008) (*citing Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328-29 (Fed. Cir. 2003))*; See also,  Lycos, Inc. v. Blockbuster, Inc.*, No. 07-11469-MLW, 2010 U.S. Dist. LEXIS 136252, at *15 (D. Mass. Dec. 23, 2010) (District court vacated its summary judgement order of non-infringement and the court's claim construction); *Contour Hardening, Inc. v. Vanair Mfg.*, No. 1:14-cv-00026-JMS-MJD, 2016 U.S. Dist. LEXIS 21447, at *4 (S.D. Ind. Feb. 23, 2016) (District court granted motion to vacate its claim construction order.), *Lineweight LLC v. FirstSpear, LLC*, No. 4:18-CV-00387-JAR, 2021 U.S. Dist. LEXIS 109928, at *7 (E.D. Mo. June 11,

2021) (District Court granted the parties' joint motion to vacate its claim construction order.  In settlement, the parties agreed to dismissal of the action with prejudice provided the court vacated its claim construction ruling.), *Lite-Netics, LLC v. NU Tsai Capital LLC*, No. 8:22CV314, 2025 U.S. Dist. LEXIS 272229, at *7 (D. Neb. July 17, 2025) (The court granted a joint motion to vacate a claim construction memorandum and order.  The parties had reached a settlement pursuant to which the Defendant agreed to join in any request to vacate the claim construction order.).

Factors a district may consider in deciding whether to vacate a ruling include: 1) the public interest in the orderly operation of the judicial system; 2) the parties desire to avoid any potential preclusive effect; 3) the court's resource that will be expended; and, 4) the parties interest in conserving their resources.  *Cisco*, 590 F.Supp at 830.

### 1, 2.   <u>**Public interest and avoidance of preclusive effect**</u>

In this case, while a claim construction order has been entered, such orders are not final and may be altered by the court before or during trial. *Cisco*, 590 FSupp 2d at 830. Defendant asserts that that a district court's *Markman* order is reviewed *de novo* by the Federal Circuit, resulting in a reversal rate of forty percent according to some studies, which cautions parties and the public against excessive reliance on any district court's construction. *Id*.

Courts have reasoned that settlements and non-appealed claim construction rulings are not final judgments for collateral estoppel purposes. *Cisco*, 590 F.Supp 2d at 831 (citing *Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 147 F. Supp. 2d 464, 467-69 (W.D. Va. 2001)); *see also Graco Children's Products Inc. v. Regalo International LLC,* 77 F. Supp. 2d 660,

663-65 (E.D. Pa. 1999); *Lectrolarm Custom Servs. v. Vicon Indus.*, No. 03-2330 Ma/A, 2005 U.S. Dist. LEXIS 32752, at *10 (W.D. Tenn. Sep. 2, 2005).

The parties recognize there is a significant public interest preventing a party from taking inconsistent position as to claim construction on final judgement issues of invalidity and infringement.  However, in this case there has been no final determination on the merits of infringement or validity so there is less reason to give the Opinion precedential value. "A district court decision binds no judge in any other case, save to the extent that doctrines of preclusion (not stare decisis) apply." *Contour*, 2016 U.S. Dist. LEXIS 21447, at *2. Instead, its only significance is as information, and vacatur does not affect that because, although the Court's Opinion will have no estoppel effect if vacated, "[t]he analysis and logic of the opinion may be used for whatever authority this court or another court may deem appropriate. *Cisco,* 590 F. Supp. 2d at 831.

Moreover, Courts have long recognized that public policy favors enforcement of settlement agreements and that settlements are a cost-efficient and conventional means of resolving disputes and conserving judicial resources.  *See Lineweight*, 2021 U.S. Dist. LEXIS 109928, at *5.

The parties submit that the strong public interest in the settlement of this litigation and conservation of judicial resources outweigh any benefit of any collateral estoppel effect of the Opinion entered in this case.

### 3.	The court's resources that will be expended

The parties understand that this Court has spent resources on managing this case to date, including conducting a *Markman* hearing, and analyzing claim construction issues in

rendering its decision.  However, additional pretrial discovery and a trial will expend significantly more resources if the parties try this case.  This case involves two patents, and multiple experts will testify as to infringement, invalidity and damages.  To that end, the Court may have to consider motions for summary judgment, *Daubert* motions and/or motions in limine.  Accordingly, vacatur will save substantial judicial resources as the parties have stipulated dismissal of all claims with prejudice upon vacatur of the Claim Construction Opinion.

**4.    The parties' interest in conserving their resources**

Both parties will necessarily expend substantial amounts of time and money in preparing for and trying this case.  As pointed out above, for the month of May alone, the parties had scheduled twelve depositions.  In addition, both parties intend to employ the services of expert witnesses on the issues of infringement, invalidity and damages, including expert reports, as well as expert deposition and trial testimony.  These expenditures of course do not include the parties further incurring substantial legal fees.

**CONCLUSION**

In view of the above the parties submit that this is a case where "exceptional circumstances" justify vacating the Memorandum Opinion on Claim Construction. Accordingly, the parties respectfully request the Court to vacate the Memorandum Opinion on Claim Construction.

DATED this _____ day of May, 2026.

Respectfully submitted,

*/s/ John J. Edmonds*

Attorney-in-Charge
John J. Edmonds
TX Bar No. 00789758
Federal I.D. No. 22110
jedmonds@ip-lit.com
Stephen F. Schlather
TX Bar No. 24007993
sschlather@ip-lit.com
Edmonds & Schlather PLLC
2501 Saltus Street
Houston, Texas 77003
Phone: (713) 234-0044

And

*/s/ Robert L. Wolter*
Robert L. Wolter
*Attorney-in-charge*
Florida Bar No:  906344
Amber N. Davis
*Of counsel*
Florida Bar No:  0026628
Wolter Van Dyke Davis PLLC
1900 Summit Tower Blvd, Suite 140
Orlando, Florida  32810
Telephone: (407) 926-7706
Facsimile: (407) 926-7720
***E-mail:* rwolter@savvyiplaw.com**
***E-mail:* adavis@savvyiplaw.com**

***Attorneys for Plaintiff, Rugged Cross Hunting Blinds, LLC***

*/s/ J. David Cabello*
J. David Cabello
*Attorney-in-charge*
Texas Bar No. 03574500
S.D. Texas I.D. No. 3514
Email: David@CHZFirm.com
James H. Hall
Texas Bar No. 24041040
S.D. Texas I.D. No. 36,904
Email: James@CHZFirm.com

Stephen Zinda
Texas Bar No. 24084147
S.D. Texas I.D. No. 1,692,382
Email: Stephen@CHZFirm.com
Munira A. Jesani
Texas Bar No. 24101967
S.D. Texas I.D. No. 3,019,538
Email: MJesani@CHZFirm.com
CABELLO HALL ZINDA, PLLC
801 Travis Street, Suite 1610
Houston, TX 77002
Tel.: 832.631.9990
Fax: 832.631.9991

***Attorneys for Plaintiff, Good Sportsman
Marketing, LLC***

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, including per Local Rule CV-5.1, this ___ day of May, 2026.

_____
Attorney